May Term, 1858.

ALVORD v. GERE.

---

## ALVORD and Others *v.* GERE.

Motion to set aside a judgment by default, and for leave to plead. Two days after judgment, affidavits were filed to the effect that the defendant had before the commencement of the suit, settled with the plaintiff, and paid the damages sued for; that the defendant had employed an agent to employ counsel and defend the suit, who had failed, owing to a misunderstanding as to the Court and term, to attend to it; that defendant was compelled to be absent from the state till after the commencement of the term of the Court; that as soon as the facts were known, counsel were employed, who made application to defend, &c. *Held*, that the defendant was entitled to have the default set aside, with leave to plead, &c.

APPEAL from the *Fountain* Circuit Court.

PERKINS, J.—*Gere* brought suit against *Alvord, Sullivant, Claypool* and *Davison*, to recover damages alleged to have been sustained by him through the upsetting of a stage-coach to the amount of 2,000 dollars. Process was served on *Alvord*, and returned not found as to the other defendants. *Alvord* was defaulted, and judgment rendered against him for 2,000 dollars, on the 5th day of the term,

*Wednesday, June* 16.

May Term,  and the suit was dismissed as to the defendants not served.
1858.          Two days afterwards, being the 7th day of the term,
JORDAN     *Alvord* appeared and moved that the judgment be set
v.          aside, and leave given him to plead.   The motion was
MOORE.     founded upon the affidavits of *Owen Tuller, Reuben Tul-
ler*, and *William H. Mallory.*

The affidavits establish the following facts:   That the
stage company, the defendants included in the writ, had,
before the commencement of the term of Court, fully settled
with and paid the plaintiff for the damages sustained and
sued for; that *Alvord*, the defendant served, immediately
after being notified of the suit, employed *Owen Tuller* as
his agent to attend to it, employ counsel, &c.; that *Alvord*
resided at *Indianapolis*, but was compelled by business to
be absent from the state till after the commencement of the
term of Court; that *Tuller* wrote to a brother of his to em-
ploy counsel, &c., and supposed it had been done, but, from
a misunderstanding as to the Court and term, it turned
out that it had not been; and that as soon as these facts
were known, counsel were employed, who made the appli-
cation to defend, &c.

These are the principal facts.   We think they made a
case that entitled the defendant to have the default set
aside, leave given to plead, and a trial.

*Per Curiam.* — The judgment is reversed with costs.
Cause remanded, &c.

*J. P. Usher* and *W. H. Mallory*, for the appellant. (1).

(1) Counsel cited 2 Whitaker's Practice, p. 78, and cases cited; *The People*
v. *The Superior Court of New York*, 10 Wend. 285 to 297; 2 R. S. p. 48, § 99.