Hannah and Others *v.* The Indiana Central Railway Co.

---

HANNAH and Others *v.* THE INDIANA CENTRAL RAILWAY COMPANY.

Application to set aside a default on account of surprise. See note.

APPEAL from the *Delaware* Circuit Court.

*Per Curiam.*—The railway company had an action pending against the appellant in the *Madison* Circuit Court, which was taken by change of venue to the *Delaware* Circuit Court

Hannah and Others *v.* The Indiana Central Railway Co.

In the latter Court judgment was taken for want of appearance by the defendant. This was an application to set aside the judgment thus taken on account of surprise, &c. The application was refused. The petition is long, referring to several affidavits, and making them a part thereof, and need not be here set out. It sets up a meritorious defence to the action, and shows that the petitioner was, as we think, excusably ignorant of the fact that the cause had been sent to *Delaware* county, supposing it had been sent to another county; hence, the judgment for want of appearance. We think such a showing was made as entitled the party to have the judgment set aside, and be permitted to try the cause on its merits.

The judgment is reversed, with costs, and the cause remanded. (1)

. *Moses Jenkinson,* for the appellants.

*Newcombe & Tarkington,* for the appellee.

(1). This cause was pending in the *Madison* Circuit Court on a change of venue from the *Hancock* Circuit Court; and whilst so pending, *Jerusha Hannah* moved the Court, by *John Davis,* as her attorney, for a change of the venue again, from the *Madison* Circuit Court to some other, and the change was granted to the *Delaware* Circuit Court. After judgment against her there by default, and at the next term after such default, upon affidavits, notice and motion, *Jerusha Hannah* moved the Court to be relieved against said judgment, on the ground of surprise and excusable neglect, alleging in the affidavits sufficient merits in her defence, and that she had no knowledge of the change of the venue of said cause to the *Delaware* Circuit Court; and that *Robert L. Walpole* was her sole counsel in said cause, and that he had informed her that the venue had been changed to the *Hamilton* Circuit Court, which she believed to be true, and that she was preparing to make her defence there. *Walpole* stated in his affidavit, that he had been employed as her attorney, and through *John Davis,* as his friend and agent, he made the application for a change from the *Madison* Circuit Court, and was informed by him afterwards

that the change was granted to the *Hamilton* Circuit Court, and so informed his client. *Davis* stated in his affidavit, that he made such application as a matter of courtesy for Mr. *Walpole*, and, at the time the change was granted, in some way got the impression it had been granted to the *Hamilton* Circuit Court, and so informed Mr. *Walpole.* The *Delaware* Circuit Court convened some time before the *Hamilton* Circuit Court. These are the material facts in the application to set aside the default.