## HILL and Another *v.* CRUMP.

PRACTICE.—APPLICATION TO SET ASIDE JUDGMENT.—Three days after the rendition of a judgment against him, the defendant appeared and moved to set aside the default and judgment, and filed affidavits in support of his motion. The affidavits disclosed that he had employed counsel to defend for him, and had caused a subpœna to issue for his witnesses; that he had been prevented from attending court himself by the dangerous illness of his wife, and that his attorney, being Provost Marshal of the district, had been so engaged in enforcing the draft that he had been unable to attend the court, and had neglected to speak to any other attorney to represent him in the case. The affidavits also disclosed a meritorious defense to the action. The court overruled the motion to set aside the judgment.

*Held,* that the motion to set aside the judgment should have been granted.

*Held,* also, that as the plaintiff appeared by attorney, no notice of the application to set aside the judgment was necessary.

*Held,* also, that counter affidavits, controverting the truth of the facts stated in the affidavits upon which the application was based, could not be received.

*Held,* also, that while such applications are, under the statute, addressed to the discretion of the lower court, an appeal will lie from an abuse of that discretion, and the Supreme Court will, in such case, review the action of the lower court.

APPEAL from the *Bartholomew* Common Pleas.

RAY, J.— This was an action by *Crump* against the appellants, on a note and mortgage, which had been given by them to one *Matthews,* who assigned it to *Crump.*

On the 21st day of *March,* 1865, that being the second day of the term of the court, the appellants were defaulted, the cause was submitted to the court, and judgment was taken on the note and mortgage. On the 24th day of *March,* that being the fifth day of the term, the appellants filed affidavits, and submitted a motion to set aside the default and judgment, which was overruled. Exception was properly taken, and the affidavits were made part of the record by bill of exceptions.

The affidavit of appellant, *Jacob Hill,* stated that before the commencement of the term of court, he employed two

attorneys of said court, partners in business, to defend the suit, and put them in possession of the facts constituting his defense, and gave them the names of his witnesses, and had them served with process; that owing to the dangerous illness of his wife, he was unable to attend the court until that day, and, for the same reason, was unable to remain in attendance during the remainder of the term, as the disease was feared to be of a fatal character. That *Matthews*, the assignor of the note in suit, sold and conveyed to the affiant the land described in the complaint and mortgage, for $2000; that $1800 of said sum was paid at the time of the sale; that said *Matthews* claimed to be the owner of eight acres of land adjoining the tract described in the mortgage, but, in truth, had no title to the same, but the title was in one *Lorenzo D. Conn.* That affiant objecting to said purchase, on account of said outstanding title, the said *Matthews* then and there agreed that if affiant would agree to pay him $300, he would secure said *Conn's* title to said land to affiant, and said note for $500 was given accordingly, with the mortgage, $200 for the remainder of said sum of $2000, and $300 for said eight acres of land; that the right, title and possession of said eight acres of land still remained in said *Conn.* That on the day of the maturity of said note, the affiant tendered to the plaintiff the sum of $212, principal and interest due upon the portion of the sum included in said note for which he had received a consideration.

The affidavit of one of the counsel employed for the defense disclosed these facts: The said attorney, at the time of his employment, was, and continued to be at the time of making the motion, Provost Marshal of the Third Congressional District; that the draft in said district was enforced by him on the 22d of the month, and since the commencement of the term he had been too much engaged in preparing for and enforcing the draft to attend the court; that he forgot to speak to any attorney to watch said case for him. His partner had not been informed of

Hill and Another *v.* Crump.

·the employment, nor could he have attended the court, as he was engaged as one of the principal clerks in the provost marshal's office.

The application having been made to set aside the default at so early a day of the same term at which the default was taken, and showing clearly that the appellant was without fault, that the failure of his counsel to attend was, at most, excusable neglect on their part, and exhibiting, also, a meritorious defense, should have been granted on motion.

It is objected that no time was fixed within which *Matthews* was to procure the title to the eight acres. The conveyance must be made within a reasonable time, and more than a year had passed when the action was commenced.

The appellee insists that, as judgment had been rendered in the cause, he could only be brought into court by notice of the application to be made to set aside the default and judgment. The record shows both parties to the suit to have been present, appearing by counsel, at the time the motion was made, and, therefore, notice was not required.

It is also urged that the reasons why the court refused to set aside the judgment should be shown in the record. Where the bill of exceptions contains the affidavits upon which the motion is founded, we will consider ourselves as sufficiently advised of the reasons upon which the court based its action.

The judgment is reversed, at the costs of appellee, and the cause remanded, with directions that the default and judgment be set aside.

A petition for a rehearing having been filed, the following opinion, overruling the petition, was delivered by

RAY, J.—The appellee asks a rehearing in this case, on the ground, first, that the record does not purport to set forth all the evidence submitted to the court below upon the motion to set aside the default.

The record shows that the motion was made upon the affidavits filed. In our opinion, it would not have been proper for the court to have received counter affidavits, denying the truth of the facts averred as constituting the defense. This would have been simply trying the merits of the action upon affidavits, and if the party had suffered default through his mistake, inadvertence, surprise, or excusable neglect, he was entitled, upon an affidavit showing facts constituting a meritorious defense, to have the truth of those facts passed upon by a jury. Nor can the truth of the facts stated as a cause for having the default set aside, be determined upon an issue raised by counter affidavits.

The second ground upon which the rehearing is asked is, that under the ninety-ninth section of the practice act, the application is addressed to the discretion of the court below, and the exercise of that discretion cannot be reviewed in this court. We have been cited to cases in the Court of Appeals of New York, where it has been held that such applications are addressed to the discretion of the judge before whom they are made, and that the exercise of that discretion will not be reviewed upon appeal. Such, however, has not been the rule in this State, but it has always been that the court must exercise a sound legal discretion, and that from an abuse of that discretion an appeal would lie to this court. It has been treated in the decisions in *New York*, to which we are referred, as a mere question of practice. The case under consideration, in our opinion, involves the substantial rights of the defendant. In the case of *Alvord et al.* v. *Gere*, 10 Ind. 385, which was an application in the court below to set aside a default, and permit the defendants to file answers, the action of the lower court in refusing such application was reviewed, and the cause was reversed for the error committed by the court in refusing to grant the application. In all cases presented here, upon appeal, where the proper exercise of the discretion of the court in ruling upon the

application has been questioned, the point has been considered and decided in this court. We have done so in this case, and see no reason, upon the authorities cited, to reverse our action. If the statute submitted the application to the will of the judge before whom it was made, our ruling might be otherwise, but where the substantial rights of the party are involved, and the statute requires the judge to exercise his discretion, his action, with all presumptions in favor of such action, is still subject to review in this court.

The petition for a rehearing is overruled.

*Stansifer* and *Winter*, for appellants.

*F. T. Hord*, for appellee.