[No. 7,038.—In Bank.]

## RECLAMATION DISTRICT No. 124 *v.* A. J. COGHILL
### ET AL.

PARTIES—RECLAMATION DISTRICT— ASSESSMENT — SERVICE OF SUMMONS.—In an action to enforce an assessment upon lands in a reclamation district, any person claiming an interest in the land may appear and answer within forty days after the publication of summons and posting, as provided in § 3466 of the Political Code.

ID.—DEFAULT.—A person claiming an interest in the land, against which a judgment has been entered in such action, may, after neglecting to answer within the forty days, move to vacate the judgment; and his ignorance of the pendency of the action renders his neglect to answer excusable.

DEFAULT—AFFIDAVIT OF MERITS.—In a motion to vacate a default, an affidavit of merits cannot be contradicted.

APPEAL from a judgment, and from an order denying a motion to vacate a judgment, in the Tenth District Court, County of Colusa. KEYSER, J.

The defendants appealed. The facts are stated in the opinion.

*Hart & Hart*, and *W. C. Belcher*, for Appellants.

*A. C. Adams*, for Respondent.

McKINSTRY, J.:

A judgment by default, providing for the sale of certain lands, as portions of a swamp land district, to satisfy an alleged assessment levied upon them by competent authority, was entered on the 6th day of October, 1879.

Section 3466 of the Political Code expressly provides, that, where the service, as in the case before us, has been made by posting and publication, the defendant, " or any person claiming any interest in the land," may appear and answer the complaint within *forty days* after the expiration of the four weeks of posting and publication. The same section provides : " Such posting and publication is equivalent to personal service on all persons having or claiming any right, title, or interest in the land assessed, whether named as a party in said action or not." And further : " In such action, the Court may decree and adjudge a lien against the tracts assessed, and order them to be sold on execution or decree," etc. The evident design of

the statute is to foreclose all right or claim in and to the land, whether asserted by those named as defendants or not; and that the purchaser at the sale under the decree shall acquire, not only the title of the particular defendants named as such, but that of all other persons claiming any right, title, or interest in the property.

We do not deem it necessary to pass upon the question so elaborately argued by counsel as to the validity (under the Constitutions of the State and the United States) of § 3466 of the Political Code. That question can be fully presented at the trial in the Court below. Assuming the validity of § 3466, it makes "all persons having or claiming any right, title, or interest in the land assessed" *defendants*, who may appear as such, and against whom judgment may be rendered. It follows, that every such person may (under circumstances otherwise proper) move to vacate a default and judgment taken against him.

Here a motion was made to set aside the default and decree by the defendant named in the complaint, A. J. Coghill, and by A. Montgomery, W. H. De Jarnett, and Matthew Sparks— the three last claiming to be the owners of the land assessed.

The affidavits of Montgomery, De Jarnett, and Sparks set forth, that they knew nothing of the commencement of the action, or of its pendency, or of the judgment therein, until the judgment was rendered and entered. The notice of motion to vacate was served November 3rd, 1879, within a month after the judgment was entered. We think the ignorance of the affiants rendered their neglect in not appearing "excusable," and that, considering the time necessary to secure counsel, and for the latter to inform themselves of the facts, the brief delay in making the motion was sufficiently accounted for. The statement in the counter-affidavits of the plaintiff, that defendants have been for several years residents of Colusa County, and " constant readers " of the *Weekly Colusa Sun*—the newspaper in which the summons was published—neither overcomes nor constitutes a serious conflict with the averment, that defendants were ignorant of the posting and publication.

Each of the affidavits (of Montgomery, De Jarnett, and Sparks) stated facts which would constitute a defense, and

each was accompanied by a proposed verified answer, containing denials and averments which would make a perfect defense to the cause of action set forth in the complaint.

In the counter-affidavits filed by the district attorney, were not only statements tending to rebut the assertions in the defendants' affidavits, with respect to their ignorance of the pendency of the action, but also denials of defendants' statements with respect to facts constituting a meritorious defense. An affidavit of merits cannot be denied by a plaintiff. It is urged by respondent, that the defendants should have moved to strike out the objectionable parts of plaintiff's affidavits, designating them " by line and page." What follows if this course is not pursued ? Surely the facts asserted in the portions of the affidavits liable to be stricken out are not to be taken as true. The most that could be claimed would be, that the Court might consider such statements as part of the evidence before it in determining whether the defendants have a meritorious defense. But if defendants have shown by their own affidavits that they have such defense, and also shown a sufficient excuse for not sooner presenting it, they have a right to have their case tried like other cases—not upon *affidavits*.

Order reversed and caused remanded, with direction to vacate the default and judgment, and to permit the defendants A. J. Coghill, A. Montgomery, W. H. De Jarnett, and Matthew Sparks to answer to the merits of the original action within such reasonable time as may be fixed by the Court below.

Morrison, C. J., Ross, J., Sharpstein, J., and Myrick, J., concurred.