Thelin v. Thelin.

Reversed.

## Nels E. Thelin

v.

## Martha Thelin.

1. Divorce—Condonation.—In proceedings for a divorce, condonation is an absolute bar to a remedy for the offenses condoned, and restores the

offending party to the same condition he occupied before the offense was committed.

2. SETTING ASIDE DEFAULT AND DECREE.—An affidavit setting forth that after the filing of the bill for divorce, the complainant had condoned the alleged offense, and resumed conjugal relations with the defendant, and also showing a stipulation signed by the complainant to dismiss the bill, shows a good defense and a sufficient reason for setting aside the decree.

3. COUNTER-AFFIDAVITS ON MOTION TO SET ASIDE DEFAULT.—A motion to set aside a default should be determined on ex parte affidavits, and counter-affidavits are not admissible.

4. SUBSEQUENT ACTS OF CRUELTY AFTER CONDONATION.—The counter-affidavits alleged a renewal of the acts of cruelty charged in the bill. The only way in which the complainant could avail herself of this, would be by way of supplemental bill, and not under her original bill, for the cause of action therein alleged had been extinguished by condonation.

ERROR to the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding. Opinion filed March 29, 1881.

The defendant in error filed her bill against plaintiff in error, praying for a decree of divorce, on the ground of cruelty. Personal service of summons was had on the defendant below, a default was taken against him December 10, 1880, and a decree of divorce was rendered December 18th.

On December 23d plaintiff in error entered his motion to set aside the decree and default, which was continued to the January term, 1881. The motion came up for hearing January 17th, when plaintiff in error, in support of his motion, read his own affidavit, which set forth in substance, that after the filing of the bill complainant and defendant mutually condoned each other's offenses, and agreed to live peaceably together, and complainant then gave to defendant a stipulation in writing, signed by her, to dismiss the suit, and he avers he has not since said condonement been guilty of anything to avoid the same or renew the causes of offense. Denies that he has ever been guilty of cruelty to complainant.

Says that after said condonement and agreement to dismiss the bill, the parties continued to live together, and defendant was shortly thereafter taken dangerously ill and his life was in danger; that complainant nursed him in his illness, and was nursing him at the time she obtained her decree of di-

Thelin v. Thelin.

vorce; that he knew nothing about said divorce till he was informed by his counsel that a decree had been entered.

The stipulation to dismiss the suit was attached to the affidavit and was as follows: "State of Illinois, Cook county, ss: Martha Thelin v. Nels E. Thelin, Superior Court, in chancery. It is hereby stipulated and agreed that the above entitled cause may be dismissed at complainant's costs.

"Martha Thelin."

Upon the hearing of the motion, the court, against the objection of the defendant, admitted counter-affidavits offered by the complainant to contradict the statements contained in the defendant's affidavit, and also admitted oral testimony against defendant's objections to show that subsequently to the condonation the defendant had renewed his acts of cruelty. The court denied the motion to set aside the default and decree.

The plaintiff in error brings the case here for review, and assigns for error the refusal of the court to set aside the default and decree, and the action of the court in allowing the complainant to read counter-affidavits, and introduce oral testimony on the hearing of the motion to set aside the decree.

Mr. I. K. Boyesen, for plaintiff in error; that the affidavit of plaintiff in error showed a meritorious defense, and the default should have been set aside, cited Mason v. McNamara, 57 Ill. 274; Sourbry v. Fisher, 62 Ill. 135; Evans v. Cook, 11 Nev. 69.

It was error to hear counter-affidavits on motion to set aside default: Mendell v. Kimball, 85 Ill. 582; Gracier v. Weir, 45 Cal. 53; Mason v. McNamara, 57 Ill. 274.

Condonation is a bar to all offenses charged in the bill: Bishop on Marriage and Divorce, 33; Story's Eq. Pl. 269.

Wilson, J. The affidavit submitted by the defendant on his motion to set aside the default and decree, presented a meritorious defense, and showed that his failure to appear and interpose his defense was not the result of negligence on his part, but was caused by artifice and bad faith on the part of the complainant. There had been a condonation of the offenses charged in the bill, and the parties had resumed con-

jugal relations prior to the decree, under a written stipulation signed by the complainant that the bill should be dismissed. In violation of this stipulation, and while the defendant was confined at home by sickness, the complainant, without any intimation to him of her intention to proceed further with the suit, caused a decree of divorce to be rendered, the first knowledge of which came to the defendant through his attorney. He thereupon, with due diligence, and at the same term of the court, entered his motion, supported by affidavit of the facts asking to have the decree set aside. The motion should have been granted. In proceedings for a divorce, condonation is an absolute bar to a remedy for the offenses condoned, and restores the offending party to the same condition he occupied before the offense was committed. 2 Bishop Mar. and Div. 34.

The counter-affidavits offered by the complainant on the hearing of the motion to set aside the decree, were improperly admitted. Such motions should be determined on *ex parte* affidavits. The practice of receiving counter-affidavits on the hearing of motions to set aside defaults, has been characterized by our Supreme Court as a vicious one. Courts are liable to do injustice to parties in thus trying a case on affidavits where there is no opportunity for cross-examination of the witnesses. Mendall v. Kimball, 85 Ill. 582.

The counter-affidavits and oral testimony received tended to show that subsequently to the condonation the defendant had renewed his acts of cruelty. If this were shown, the complainant could only have availed herself of it as a ground of relief by a supplemental bill, and not under her original bill; for in respect to the causes alleged in the original bill, they had been extinguished by the condonation. This principle is elementary, and requires the citation of no authorities.

As the defendant's affidavit showed upon its face a meritorious defense, and that he had not been guilty of any negligence in asserting it, we are of the opinion that the court erred in not setting aside the default and decree. The decree is therefore reversed, and cause is remanded to the Superior Court, with directions to vacate the decree and set aside the default, and for such further proceedings as the case may require.

Reversed and remanded.