No. 10,611.

## McGaughey v. Woods et al.

JUDGMENT.—*Relief from.*—*Default.*—*Excusable Neglect.*—*Attorney and Client.*—A defendant's attorney, compelled to absent himself from court, made an agreement with all the other attorneys, that none of his business should be taken up in his absence, not, however, particularly specifying this case. Default and judgment were taken in his absence.

*Held,* that the facts sufficiently showed excusable neglect under the statute, R. S. 1881, section 396.

From the Rush Circuit Court.

*T. B. Adams,* and *L. T. Michener,* for appellant.
*W. A. Cullen* and *B. L. Smith,* for appellees.

FRANKLIN, C.—Appellant filed against appellees a complaint consisting of two paragraphs. The first to enjoin proceedings under an execution; the second to set aside a default and judgment, and enjoin proceedings under an execution issued upon the judgment.

A demurrer was overruled to the first paragraph and sustained to the second.

An answer was filed to the first paragraph, consisting of two paragraphs; the second is a denial, and a demurrer was overruled to the first.

A reply was filed in two paragraphs; the first was a denial, and a demurrer was sustained to the second.

There was a trial by the court, finding for the defendants, and, over a motion for a new trial, judgment was rendered for the defendants for costs.

The rulings against appellant upon the demurrers, and the overruling of the motion for a new trial, are assigned as errors.

The objection urged against the second paragraph of the complaint is, that it does not state facts sufficient to show excusable negligence in permitting the default to be entered. Upon this question the paragraph substantially states that the summons served upon him was made returnable on Saturday, the last day of the October term, 1880; that immedi-

McGaughey *v.* Woods *et al.*

ately upon the service thereof he employed one George B. Sleeth, a competent attorney of said court, to attend to his case and make his defence to the action; that said Sleeth then informed him that it was not necessary for him to be present in court on that day; that he lived some seven miles from the county seat, and relied upon said Sleeth to attend to his case, and did not arrive at Rushville, the county seat, on that day until 12:30 P. M., when he was informed that a judgment by default had been rendered against him on that morning; the court had adjourned for the term and the judge had gone home; that Sleeth had arranged to be absent from the court on that day, and before leaving had arranged with all the attorneys and the court, that no business in which he was interested should be taken up on that day, but had omitted to particularly inform the attorneys or the court of this case being set for that day. This paragraph of the complaint alleges all the other necessary facts to constitute a good cause for setting aside the default; and we think the above facts show excusable neglect in appellant in not appearing and preventing the default; that it would be unreasonable, under the circumstances, to hold that Mr. Sleeth, with his presumed extensive practice in his home court, should have specifically named and pointed out each case then pending upon the docket, in which he was interested, that might be called on that day. We think justice requires that the default should be set aside, and appellant given an opportunity to defend the original action.

The court erred in sustaining the demurrer to the second paragraph of the complaint. As the judgment must be reversed for this error, it is unnecessary to investigate and decide the other errors assigned.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things reversed, at appellees' costs, and that the case be remanded, with instructions to the court below to overrule the demurrer to the second paragraph of the complaint, and

for further proceedings, but that the judgment be permitted to stand and abide the result of a second trial, at appellees' costs.

Filed Dec. 21, 1883.