Beatty v. O'Connor *et al.*

No. 12,455.

## BEATTY v. O'CONNOR ET AL.

JUDGMENT.—*Relief From.*—*Procedure.*—*Appearance.*—*Practice.*—Where the adverse party appears to a motion, made after the term, to be relieved from a judgment, as provided in section 396, R. S. 1881, and the matter is disposed of on its merits without objection to the form of procedure, such objection can not be made in the Supreme Court.

SAME.—*Pleading.*—An application, under such section 396, to be relieved from a judgment, which is substantially in the language of the statute, is sufficient to entitle the moving party to all the relief therein provided, including the setting aside of a default.

SAME.—*Defence.*—*Affidavits.*—*Practice.*—In a proceeding to be relieved from a judgment, the affidavits upon the question of the applicant's defence to the action in which the judgment was rendered, can not be contradicted.

SAME.—*Default.*—*Excusable Neglect.*—Where a defendant has employed attorneys to defend the action, and they enter an appearance for that purpose, but, owing to a misunderstanding among all the parties and attorneys with reference to a delay pending a contemplated settlement, they are prevented from doing so, there is such excusable neglect as will entitle him to relief from a judgment by default taken under such circumstances.

SUPREME COURT.—*Evidence.*—*Bill of Exceptions.*—In order that the Supreme Court may pass upon the evidence, the record must affirmatively show that it contains it all. Any statement in the bill of exceptions which will show that fact will be sufficient.

From the Marion Superior Court.

*F. T. Hord, W. B. Hord, F. J. Mattler* and *C. E. Clark,* for appellant.

*B. Harrison, W. H. H. Miller, J. B. Elam* and *W. F. Heinrichs,* for appellees.

ZOLLARS, J.—Appellees commenced an action against appellant and one Henry Auton, as defendants, charging that they were partners, and as such indebted to appellees upon an account. Summonses, returnable on the 15th day of November, 1884, were served upon each of the defendants, and upon one John H. Beatty, whom the complaint charged as

being the agent of the defendants. On the 24th day of that month, no answer having been filed, a default was entered against all the parties served, and judgment for $242.27 was rendered against appellant and said Auton.

On the 8th day of December, 1884, being at a subsequent term of the court, appellant filed a written motion to have the judgment set aside as to him, as provided by section 396, R. S. 1881. The motion, and the affidavits in support thereof, are entitled as of the original case.

In and by that motion, appellant asked the court " to set aside and open up the judgment in the above entitled cause, and let the defendant in to defend," etc. Upon the filing of the motion and affidavits, the court, as recited in the record, " does now order process for the defendants to appear in this court on December 18th, 1884."

On that day appellees appeared and filed counter-affidavits, and resisted the motion. The motion was overruled. Appellant appealed to the general term, where the judgment at special term was affirmed. From that judgment he has appealed to this court.

It is insisted by appellees, that appellant did not proceed in a manner to entitle himself to any relief, and that hence he has no ground upon which to complain of the result. The contention is, first, that as the application to set aside and open up the judgment was made at a term of the court subsequent to that at which the judgment was rendered, the application should have been by way of a complaint, naming appellant as the plaintiff and appellees as defendants, and stating therein such facts as would have brought to the knowledge of the court the proceedings and judgment from which relief is sought.

Whatever may be the proper and better practice in such cases, it is sufficient here that no such question was made below. Although the proceeding was entitled as of the original cause, notices were issued to appellees treating them as defendants to the motion; they appeared, and the matter was

Beatty *v.* O'Connor *et al.*

disposed of upon its merits, without any objections as to the form of the proceedings.   We, therefore, think that it is too late now to raise any such question, even if it might have been successfully raised below—a question which we do not decide.

It is next insisted by appellees, that the motion did not ask for the setting aside of the default, but only the judgment. We think otherwise.   The statute is, that the court "shall relieve a party from a judgment taken against him, through his mistake, inadvertence, surprise, or excusable neglect," etc.

It will be observed that the statute does not, in so many words, say that the court shall relieve a party from a default taken against him, through his mistake, etc.   That, however, is clearly implied, because a party could not be admitted to make a complete defence with the default standing against him.   The motion is, substantially, in the language of the statute, if, indeed, not in broader language.   It is "to set aside and open up the judgment, and let the defendant in to defend."

As we have said, appellant could not be let in to defend, in the sense contemplated by the statute, without setting aside the default.   A fair interpretation of the motion is, that he thereby asked for an opprtunity to make a full and complete defence, and this necessarily included the setting aside of the default.   We think that a motion, substantially in the language of the statute, is sufficient, and will entitle the moving party to all the relief provided by the statute.

It is further contended by appellees, that this court can not consider the case upon the showings for and against the motion to set aside the judgment, for the reason that it does not sufficiently appear that the affidavits copied in the record were all of the affidavits, or all of the evidence heard below.

The affidavits are brought into the record by a bill of exceptions, signed by the judge, the concluding portion of which is as follows:  "The foregoing affidavits contain all and the only evidence adduced for and against the said motion to set

aside the judgment herein." This contention rests upon the further contention that the word *adduced* is no broader in its signification than the word *offered,* and that the latter word, as held in the case of *Goodwine* v. *Crane,* 41 Ind. 335, and cases following it, is not sufficiently comprehensive to show that the record contains all of the evidence in the cause.

The case of *Rader* v. *Barr,* 7 Ind. 194, and the cases following it, rested upon a rule of this court, which provided that the words, " this was all the evidence given in the cause," were to be regarded as technical, and indispensable to repel the presumption of other evidence. That rule prescribed a convenient and safe formula with which to show that a bill of exceptions contains all of the evidence, but as the rule is no longer in force, those exact words can no longer be regarded as technical and indispensable. In order that this court may pass upon the evidence, the record must affirmatively show that it contains all of the evidence given below. Any statement in the bill of exceptions, that will show that fact, will be sufficient. The word " adduced " is broader in its signification than the word " offered," and looking to the whole statement in relation to the evidence below, we think it sufficiently appears that all of the evidence is in the record.

This brings us to the affidavits in support of and against the motion to set aside the judgment.

That appellant has a good defence to the action, is shown by his affidavit, and the affidavit of John H. Beatty. Appellant, in his affidavit, stated that he was not at any time a partner with Auton, nor had he at any time allowed himself to be held out as such partner, and that he was in no way indebted to the plaintiffs, O'Connor & Co., as a partner with Auton or otherwise.

John H. Beatty, in his affidavit, stated that appellant was not and never had been a partner with Auton, and that he was, himself, the Beatty who was a member of the firm of Beatty & Auton, mentioned in the plaintiffs' complaint in the original action. Upon the question of appellant's de-

Beatty *v.* O'Connor *et al.*

fence, these affidavits can not be contradicted in this proceeding. *Luke* v. *Jones*, 49 Ind. 297.

Appellant stated in his affidavit, in general terms, that by unavoidable casualty and mistake, unmixed with any fault on his part, or the fault or negligence of his counsel, an undue advantage had been taken, and that but for such mistake and unavoidable casualty, he would have defended against the action. He did not state what the unavoidable casualty was, nor in what the mistake consisted.

John H. Beatty, who was named in the original complaint and treated as the agent of appellant and Auton, stated in his affidavit that, on the 14th day of November, 1884, which was one day before the return day of the summons, he called upon O'Connor, one of the appellees, and one of the original plaintiffs, and told him that he was making efforts to raise the money to pay off the claim in suit; that O'Connor assured him that no further steps should be taken in the case before the lapse of thirty days from that time, and that he informed appellant of that assurance.

O'Connor and two other persons state in their affidavits, that the proposition by O'Connor to John H. Beatty was, not that nothing further should be done for thirty days, but that if at any time before trial and judgment appellant should execute an acceptable note payable in thirty days, the case would be dismissed.

F. J. Mattler, Esq., stated in his affidavit, that on the day after he entered the appearance of the law firm of Mattler & Clark as attorneys for the defendants, he took the complaint from the files, leaving his receipt therefor, and handed the complaint to his partner, Mr. Clark, for his personal attention; that, on the same day, he met appellees' attorney, Heinrichs, on the street, and, in the course of a conversation about the case, told him that the defence was under the immediate supervision of his partner, Mr. Clark; that in response to this appellees' counsel inquired as to the location of the law-office of Mattler & Clark, received one of their

cards, and said that he would see Mr. Clark, and wanted nothing done in the matter until he should see him; that he, Mattler, then said he would tell Mr. Clark not to do anything in the case until seen by appellees' said attorney; and that within an hour afterwards he returned to his office and informed Mr. Clark of what had been said by Mr. Heinrichs.

Mr. Clark stated in his affidavit, that appellant had employed Mattler & Clark to defend the action for him; that he received from Mr. Mattler the information that Mr. Heinrichs had said that nothing would be done, and that nothing needed to be done by Mattler & Clark, until called upon by Mr. Heinrichs; and that on account of such information he did nothing further, expecting that Mr. Heinrichs would call upon him when he wished to move in the case. In his affidavit Mr. Heinrichs admitted that he had a conversation with Mr. Mattler on the street about the case, but denied that he promised to delay, or to see Mr. Clark.

It will thus be seen that the parties widely disagree as to what the conversations were between Messrs. O'Connor and John H. Beatty, and Messrs. Mattler and Heinrichs. This much, however, is certain, there was a conversation between Messrs. O'Connor and John H. Beatty in relation to a settlement of the case; there was a conversation between Mr. Mattler, one of appellant's attorneys, and Mr. Heinrichs, attorney for the plaintiffs O'Connor & Co., about the case then pending in court. Appellant had employed Messrs. Mattler & Clark to defend the action; John H. Beatty, who seems to have been acting for appellant, told him that upon the assurance of Mr. O'Connor, nothing would be done in the case for thirty days.

Mr. Mattler told Mr. Clark that Mr. Heinrichs had assured him that nothing would be done in the case until he, Mr. Heinrichs, should call upon him, Mr. Clark; the complaint was taken from the files by Mr. Mattler, and his receipt left therefor, for the purpose of preparing a defence; it remained, and has since remained, in the office of Messrs. Mattler &

Clark, uncalled for by Mr. Heinrichs or any other person; and a few days after the above conversation, without any further notice, the plaintiffs, by their attorney, Mr. Heinrichs, caused appellant and his co-defendants to be defaulted, and took judgment against them.

It is very evident that there was a misunderstanding all around, and that, but for that misunderstanding, appellant's attorneys, as they were employed to do, would have defended the action.   We think, therefore, that under the above statute, the case is one of excusable neglect on the part of appellant, and that he should be afforded an opportunity to defend.   This conclusion is fully warranted by former decisions of this court.   We need not extend this opinion to state the facts upon which the court acted in those cases.   We content ourselves with the citation of some of the cases.  See *Hannah* v. *Indiana Central R. W. Co.*, 18 Ind. 431; *Frazier* v. *Williams*, 18 Ind. 416; *Bristor* v. *Galvin*, 62 Ind. 352; *Taylor* v. *Watkins*, 62 Ind. 511; *Alvord* v. *Gere*, 10 Ind. 385; *Hill* v. *Crump*, 24 Ind. 291; *Harvey* v. *Wilson*, 44 Ind. 231; *Cavanaugh* v. *Toledo, etc., R. W. Co.*, 49 Ind. 149; *McGaughey* v. *Woods*, 92 Ind. 296 ; *Nash* v. *Cars*, 92 Ind. 216; *Smith* v. *Noe*, 30 Ind. 117; *Nietert* v. *Trentman*, 104 Ind. 390.

Judgment reversed, with costs, with instructions to the court below to sustain the motion to set aside the default and judgment as to appellant.

Filed March 26, 1886.