MINNESOTA THRESHER MANUFACTURING COMPANY *vs.* WILLIAM

HOLZ, *et al.*

Opinion filed November 20, 1900.

### Default Judgment—Motion to Vacate—Time of Making—Notice of Entry.

Construing section 5298, Rev. Codes 1899: On June 22, 1892, judgment was entered in the District Court for Ramsey county, by default, against the defendants and in favor of the plaintiff, upon a promissory note signed by all of the defendants. Immediately after the entry of such judgment a transcript of the same was recorded in Bottineau county, in which county said defendant Frederick Kitzman then, and ever since has, resided. In June, 1899, the judgment, for a cash consideration, was sold and assigned to one Andy Jones, who purchased without notice or knowledge of any defense or equities as between any of the original parties. Jones in June, 1899, issued execution upon the judgment, and caused a levy to be made thereunder upon the property of Frederick Kitzman. Prior to such levy Kitzman had neither notice nor knowledge that the judgment had been entered in fact. After such levy the defendant moved, under section 5298, Rev. Codes 1899, to vacate the judgment upon the ground that the same was entered by reason of said defendant's neglect to interpose an answer and defense in the action, and that said neglect was excusable under the circumstances set out in the moving papers. *Held,* that the motion was not interposed too late. The statute will begin to run only upon actual notice or knowledge of the judgment. Formal and written notice is not, however, essential to start the statute in motion.

### Service of Summons Not Notice of Judgment.

*Held,* further, that personal service of the summons and complaint does not operate as notice of the entry of judgment. Nor, as a general rule, will laches be imputed until after knowledge or notice of the judgment is obtained by the defendant.

### Assignee of Judgment Takes Subject to Equities.

*Held,* further, that an assignee of a judgment, who buys the same in good faith, and without notice or knowledge of defenses or equities as between original parties thereto, nevertheless takes the same subject to such defenses and equities.

### Proper Moving Papers to Vacate Default.

In this case the moving papers embraced a proper affidavit of merits and a proposed answer, duly verified, and stating a defense on the merits to plaintiff's cause of action; also, certain affidavits setting out, among other matter, the grounds relied upon by Kitzman as an excuse for his neglect to answer the complaint. *Held,* that in this the moving party pursued the correct practice, in a case where a defendant seeks to vacate a default judgment, and asks leave to answer the complaint.

### Counter Affidavits Not Permissible—When.

Against objection, plaintiff was allowed to file counter affidavits whereby the plaintiff attempted to combat the facts and merits as set out by answer and in the affidavit of merits. This was error. Such counter affidavits cannot be presented in opposition to the merits of the defense. The court will examine the defense pleaded, to see

whether the same, on its face, constitutes a defense, but will go no further.

## When Counter Affidavits Competent.

*Held,* further, that the facts set out in the motion papers, and relied upon as grounds of excuse for the default, may be met and opposed by counter affidavits, and, in the consideration of the same, the ruling to be made in the trial court rests in the sound discretion of that court, and the ruling below will not be disturbed in this court except in cases of abuse.

## Denial of Motion to Vacate Default Error.

In this case the moving party set out facts showing that the plain-tiff before suit was instituted, by its authorized agent compromised with him, and wholly relieved him from liability on said note. This release and defense was set up by answer. As grounds of excuse for his default, the affidavits of Kitzman stated, in substance, that when said agreement of compromise was made he was informed by said agent that the plaintiff would try to collect the note of said other defendants, and would perhaps sue on the note, and that it would be necessary, in the event of such suit being brought, to make him (Kitzman) a party thereto, but that no judgment would be entered against him in that event, and further assured Kitzman that if, by any mistake, a judgment in said action should be entered against him, plaintiff would at once cancel the same as to him. *Held,* that this showing presented a valid excuse for Kitzman's negligence in not answering the complaint, and inasmuch as no attempt was made to controvert the excuse offered, and it appearing that Kitzman pleaded a good defense on the merits, it was error, and constituted an abuse of discretion, to deny the motion, if it be true that the trial court placed its ruling upon the assumption that the excuse, as shown, was insufficient.

## Order Reversed.

Upon all the facts appearing of record, the order is reversed.

Appeal from District Court, Ramsey County; *Morgan,* J.

Action by the Minnesota Thresher Manufacturing Company against William Holz and others. From a judgment refusing to vacate a default judgment, defendants appeal.

Reversed.

*V. B. Noble* and *Redmon, Ink & Wallace,* for appellant.

The power to set aside a judgment for fraud or collusion, though expressly granted by statute in many states, is not dependent upon legislative recognition. *Taylor* v. *Sindall,* 34 Mo. 38; *Marbury* v. *McClurg,* 51 Mo. 256; *Mellick* v. *Bank,* 52 Ia. 94, 36 Am. Dec. 267. Fraud, as a ground for vacating a default, is entirely distinct from the statutory ground of mistake, inadvertence, surprise or excusable neglect. 6 Enc. Pl. & Pr. 175. Where a party by act or declaration lulls his opponent into false security, or by any means deceives him, and thereby obtains a judgment or decree to his prejudice, it is fraudulent and may be impeached upon that ground. Black, Judgmts. § § 291, 340, 368; *Birch* v. *Frantz,* 77 Ind. 199; Freeman, Judgmts.

N. D. R.—2

§ 489; 6 Enc. Pl. & Pr. 172; *Cadwallader v. McClay,* 55 N. W. Rep. 1054. Judgments entered in violation of an agreement to the contrary will be set aside. Black, Judgmts. § 373; 10 Am. & Eng. Enc. L. 905; Hilliard on Injunctions, 137; *Baker v. Redd,* 44 Ia. 79; *Keeler v. Elston,* 34 N. W. Rep. 891; *Chambers v. Robbins,* 32 Vt. 562; *Johnson v. Lyons,* 14 Ia. 431. The statute authorizing the opening of judgments is remedial and should be liberally construed in cases where such construction is calculated to advance justice. *Harbaugh v. Land Co.,* 109 Cal. 70; *Buell v. Emerick,* 85 Cal. 116; *Maline v. Big Flat Co.,* 93 Cal. 304; *Stack v. Casey,* 22 Ill. App. 412; *People v. Campbell,* 18 Abb. Prac. 1; *Wolfe v. Railway Co.,* 89 Cal. 337; *Lodtman v. Schulleter,* 71 Cal. 94; *Mason v. McNamara,* 57 Ill. 274; § 5298 Rev. Codes; *Nichells v. Nichells,* 5 N. D. 126; *Griswold v. Lea,* 47 N. W. Rep. 955; *Buell v. Eurich,* 24 Pac. Rep. 644. Counter affidavits as to the question of meritorious defense will not be considered upon a motion to set aside a judgment. *Mendell v. Kimball,* 85 Ill. 582, 6 Enc. Pl. & Pr. 158. The assignee of a judgment takes it subject to all the equities existing between the original parties whether he had notice of the same or not. *Kimball v. Cummings* (Ky.) 2 Metc. 327; *Blakesley v. Johnson,* 13 Wis. 530; *Rea v. Froth,* 88 Ill. 275; *Webber v. Tschetter,* 46 N. W. Rep. 201; *Cadwallader v. McClay,* 55 N. W. Rep. 1055; *Traphaggen v. Lyons,* 38 N. J. Eq. 613; *Stout v. Van Kirk,* 10 N. J. Eq. 78; *Sutton v. Sutton,* 1 S. E. Rep. 119.

*George A. Bangs,* for respondent.

The contract relied upon by the defendant is void as against public policy. The agreement made by Kitzman that a judgment might be entered against him, which judgment should be satisfied and discharged thereafter. Greenhood on Public Policy, 5, 446; *Vermont, Etc., Ry. Co. v. Railway Co.,* 34 Vt. 149; *Brown v. First Nat. Bank,* 37 N. E. Rep. 157; *Richard v. Crandall,* 48 N. Y. 343; 9 Am. & Eng. Enc. L. 880; 19 Id. 565; 3 Id. 879. This application was not made in time. The taking of the judgment in June, 1892, was notice to Kitzman of the fact of its rendition, and more than one year elapsed from this notice of judgment before an application was made for its vacation. *Yerkes v. McHenry,* 6 Dak. 5; *Sargent v. Kindred,* 5 N. D. 472. The personal service of summons and complaint on defendant was legal notice that if he failed to appear and answer judgment would be taken against him by default for the amount claimed in the complaint. *Sluder v. Graham,* 23 S. E. Rep. 924; *Littster v. Littster,* 25 Atl. Rep. 117. While the statute designates a time within which application must be made for relief, the proceedings thereunder are equitable in court and delay of the moving party after he had notice, actual or implied, of the judgment against him, may justify the court in denying relief on the ground of his laches, though his motion was made or his petition filed within the time named in the statute. Freeman, Judgments, § 105; *Littster v. Littster,* 25 Atl. Rep. 117; *Sluder v.*

*Graham,* 23 S. E. Rep. 924; *Bank* v. *Trust Co.,* 71 N. W. Rep. 928; *Hollinger* v. *Reeme,* 24 L. R. A. 46; *DeCamp* v. *Bates,* 37 S. W. Rep. 644; *In re Gilman's Estate,* 17 N. Y. Supp. 494; *Drummond* v. *Mathews,* 17 N. Y. Supp. 726.

WALLIN, J. This is an appeal from an order of the District Court denying an application made by the defendant Frederick Kitzman to vacate the judgment herein as against him, and allow him (Kitzman) to answer the complaint. The ground of the action for which said judgment was entered was a promissory note for $309.92, signed by all of the defendants. Judgment for said amount, with interest, was entered in the county of Ramsey on the 22d day of June, 1892. Immediately after the entry of said judgment a transcript thereof was docketed in the county of Bottineau, N. D., in which county the defendant Kitzman then resided, and has ever since resided. No appearance having been made in the action, judgment was taken by default after the expiration of 30 days after the date upon which the summons and complaint were served upon the defendant Kitzman. No formal notice of the rendition or entry of said judgment was ever served upon the defendant Kitzman, and it also appears that Kitzman never had actual notice or knowledge of the entry of said judgment at any time prior to the month of June, 1899, at which time a levy was made upon Kitzman's property under an execution based upon said judgment. The record also shows, and the fact is not disputed, that said judgment was for a cash consideration of $150 on the 5th day of June, 1899, sold and assigned to one Andy Jones, who is now the sole owner thereof. The motion to vacate was heard in the District Court on the 6th day of April, 1900, and the same was based upon the following papers submitted by Kitzman: (1) An affidavit of merits; (2) a proposed answer duly verified; (3) the affidavits of Frederick Kitzman, Emma Kitzman Ohnstad, W. H. Redmon, and G. T. Propper. The plaintiff and Andy Jones submitted affidavits of E. D. Buffington and Andy Jones in opposition to the motion. It appears by the affidavits submitted in opposition to the motion that said Andy Jones purchased said judgment without any notice or knowledge of any existing defense or equity in the defendant Kitzman, and without notice of any fact which would render the collection of the judgment unlawful or unjust. It appears substantially by the affidavit of E. D. Buffington that no notice or knowledge was ever received by the plaintiff of any compromise or settlement between Kitzman and the plaintiff, or any agent of the plaintiff, whereby said Kitzman was released from his liability upon the note upon which said judgment was entered, and that no remittance was made to said plaintiff on account of the proceeds or consideration for any such settlement, and that the note was put in judgment in due course of business, and without any knowledge or notice that the same had ever been compromised and settled, as claimed to be the fact by Kitzman, and as set forth in the proposed answer and affi-

davits submitted by him. The affidavit of Buffington further states that G. T. Propper, who makes an affidavit herein, and who was a traveling collector for plaintiff at the time in question, had no authority whatever to complete and close any compromise agreement with Kitzman, such as is claimed to have been made and completed with Kitzman; that, in order to be valid, any such compromise agreement as Kitzman claims and relies upon herein would have to be submitted to and ratified by the plaintiff; and that this was never done, and no such compromise was ever reported to the plaintiff at any time for ratification. The facts, as shown by the answer and affidavits submitted by Kitzman in support of the motion, may be epitomized as follows: That on August 28, 1891, the plaintiff, acting through its authorized agent, one G. T. Propper, entered into a compromise agreement with the defendant Frederick Kitzman, whereby said Kitzman was discharged and wholly released from all liability upon the note upon which said judgment was entered, and that pursuant to such agreement and compromise the plaintiff, by its said agent, wrote out a receipt in full for Kitzman of all demands and claims held at said date by plaintiff against Kitzman, and then and there delivered the same to Kitzman. It further appears in detail by said affidavits and answer: That on said 28th day of August said G. T. Propper called on Kitzman, at a hotel kept by the latter at Towner, N. D., and requested Kitzman to pay two notes then due the plaintiff. One was the note sued on, and the same was signed by Kitzman and the other defendants. The other was an individual note of Kitzman for $206.65. That Kitzman was then, by reason of lack of means, unable to pay said notes, whereupon a negotiation for a compromise of said notes was entered upon, and the same resulted in an agreement to compromise said notes upon the terms and for the consideration hereinafter stated. Kitzman agreed to pay down in cash the sum of $160, and to assign to plaintiff a certain account of $30 against the firm of Stadd & McKee; also to furnish livery service to convey said Propper to Willow City, a distance of about 35 miles from Towner,—and finally agreed to discharge and liquidate the hotel bill of said Propper incurred at said hotel at Towner. If further appears that each and all of said agreements made by said Kitzman, as above set out, were then and there fully performed by Kitzman. It also appears that the plaintiff, through said Propper, agreed, on its part, as follows: To surrender said individual note of Kitzman to Kitzman, and to give Kitzman a receipt in full of all plaintiff's demands to date against him. Said individual note and said receipt were accordingly then and there delivered by Propper to Kitzman. The affidavits submitted by Kitzman, which are uncontradicted, show that, as part and parcel of said compromise, there was a special agreement made with reference to the joint note upon which said judgment was subsequently entered, which was, in substance, as follows: Upon the statement made by the said G. T. Propper that the plaintiff intended to collect something on the note, if possible to do so, of the other signers

thereof, viz: William Holz and Wilhelmina Holz, it was agreed that said joint note should not be surrendered up, but should be retained for collection, at least in part, from the other signers, but that Kitzman should be forever released and exonerated from liability on account of said note, and that Kitzman's receipt in full, then and there delivered, would evidence the fact of such release. It appears that Propper then stated to Kitzman that, in the event of suit being brought upon said joint note, it would be necessary to sue all the signers thereof, but stated in this connection to Kitzman that, if such suit was finally brought upon the note, no judgment would ever be entered therein against him, the said Frederick Kitzman; and to this the said G. T. Propper added the statement that if, by any mistake, a judgment against Frederick Kitzman should be entered in any such action, the same would at once be canceled by the plaintiff. The fact that such compromise agreement was actually made and was fully executed on the part of Kitzman, as above stated, is shown by the affidavits of Frederick Kitzman and his daughter, and their statements are corroborated in all particulars by the affidavit of said G. T .Propper. Nor do the affidavits on the part of the plaintiff and Andy Jones deny or attempt to disprove any matter which is alleged in the affidavits presented by Kitzman touching said compromise, or the terms thereof, except that the affidavit of said Buffington denies that said Propper had authority from the plaintiff to make the compromise, or any compromise, with Kitzman, other than a mere preliminary arrangement, to be submitted to the plaintiff for its approval or disapproval, as plaintiff might elect.

After hearing counsel, the District Court made its order denying the application to vacate the judgment. This order is appealed from, and is assigned as error in this court. In disposing of this assignment of error, we must first consider whether the application to vacate the judgment is made within the time limited by the statute under which the application was made to the District Court. See section 5298, Rev. Codes 1899. This section confers upon the District Court authority within one year after notice thereof to "relieve a party from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect." In this case respondent's counsel contend that the application to vacate, which was not made until about seven years after the entry of the judgment in question, is too late. We are of the opinion that this contention cannot be sustained. It is undisputed that no formal notice of the judgment was ever served on Frederick Kitzman, and it affirmatively appears, and is not disputed, that Kitzman never had any actual knowledge or notice that the judgment had been rendered or entered in fact. The rule as to notice is that the same need not be a formal or written notice, and that knowledge alone is sufficient. See *Schobacker* v. *Insurance Co.,* 59 Wis. 86, 71 N. W. Rep. 969; *Knox* v. *Clifford,* 41 Wis. 458. But the fact that personal notice of the summons and complaint was made does not give notice of the judgment, within the meaning of the statute. *Wieland* v.

*Shillock,* 23 Minn. 227. In New York it is held that the power to vacate a judgment is inherent in the courts, and that the same may be exercised, in furtherance of justice, after the lapse of the statutory time which limits such applications. See notes and citations on pages 198, 199, 6 Enc. Pl. & Prac. In Wisconsin the contrary rule prevails. In this case no ruling is required upon this controverted point, inasmuch as we hold upon this record that the defendant is in time; he having moved within time, and promptly after receiving actual notice of the existence of the judgment. Nor can we rule, upon such a state of facts, that the defendant has been guilty of any laches in applying for the equitable relief which he is seeking. See *School Dist.* v. *Schreiner,* 46 Ia. 172.

The respondent also contends that the assignee and purchaser of the judgment is in the position of an innocent purchaser of the judgment, and that as such his rights as purchaser cannot be affected by any defenses or equities existing between original parties of which he had no knowledge or notice. We cannot yield our assent to this proposition. We think that the rule is well settled that the purchaser in good faith and without notice takes a judgment subject to existing equities between original parties. See *Brisbin* v. *Newhall,* 5 Minn. 273 (Gil. 217). See also, 2 Freem. Judgm. § 427.

Another contention which is strenuously urged in respondent's behalf is that an application to vacate a judgment upon the grounds appearing in this record is not based upon any absolute legal right, but that the same is wholly an appeal to the favor, and hence the application is one which the trial court, in the exercise of its judicial discretion, was at liberty either to grant or withhold, and its ruling is therefore not reviewable by this court unless the record discloses a case of abuse of judicial discretion. We acquiesce in this proposition of counsel, to the extent of holding that the appellants' case does not rest upon any strict legal right, but, on the contrary, does rest upon an appeal to the favor, and is therefore addressed to the judicial discretion of the court below. From this it follows that this court, as a court of review, unless there has been an abuse of discretion, will not disturb the conclusion reached in the court below, if it shall appear that that court based its ruling upon any matter which, under the law, came within the proper purview of judicial discretion. But where the ruling below in such cases is governed by a legal principle, or controlled by some matter of positive law, the same is not, within the meaning of the law, addressable to sound judicial discretion, but the same must be made to conform to the law, and for such purpose the ruling is reviewable. It is necessary, therefore, to determine upon this record whether the order in question was in fact based upon matters which lie within the domain of judicial discretion, and to do this we must advert briefly to the facts already stated. It appears that Frederick Kitzman based his claim of relief, first, upon the allegation that the plaintiff had, when judgment was entered, no demand against him which was legally enforceable, for the reason that prior to the institution of the action

the plaintiff had, for a good consideration, canceled the note in suit as against Kitzman, and fully released him from all liability thereunder. To this claim Kitzman superadds the statement that he was directly induced by the plaintiff, through its authorized agent, to refrain from answering in the action, and setting up said compromise and release as a defense upon the merits. These facts were brought to the attention of the trial court—First, by a proper affidavit of merits; second, by a verified answer alleging fully and in detail the fact of said compromise and the release of Kitzman. To this showing as to the merits the moving party added three affidavits, which, in addition to setting out and restating the merits and the entire matter of the alleged compromise and release, proceeded to set out the alleged representations made by plaintiff's authority, which, as Kitzman claims, effectively operated to lull him into a false security, and which in fact, as he claims, induced him not to answer or appear in the action. This brief recapitulation, we think, makes it sufficiently clear that the facts presented to the trial court in the motion papers are divisible into two distinct and well-defined classes, viz: those relating to the merits of the alleged defense, and those which are set up for the purpose of excusing Kitzman's neglect to appear and answer in response to the summons and complaint. The former class of facts is embodied in the verified answer and in the affidavit of merits, while the latter is strictly confined to the averments found in the three affidavits filed in support of the motion.

We have thus entered into detail in order to emphasize the fact that the counter affidavits submitted by the plaintiff, except that of Andy Jones, which is confined to the matter of his purchase of the judgment in good faith, are responsive to the merits of the proposed defense of Kitzman, and are not responsive in any degree to any fact or matter alleged by Kitzman as an excuse for his neglect to appear and answer in the action. We regard this omission in the counter affidavits to deal with Kitzman's alleged excuse for his nonappearance in the action as fatal to the respondent's claim that the question submitted to the trial court was one of discretion. It will be conceded, we think, that Kitzman's neglect to appear in the action is fully excused in his affidavits. The record shows that he did not appear because he relied upon the assurances made in plaintiff's behalf that no judgment would be entered against him in fact, and the further assurance. that if a judgment should, under the circumstances, be entered against him by any mistake, the same would be promptly canceled by the plaintiff. The counter affidavits offered by plaintiff were certain affidavits made by one E. D. Buffington, who is the plaintiff's secretary and treasurer. These affidavits, when most liberally construed in plaintiff's favor, tend only to deny the merits of Kitzman's case as the same is pleaded by his answer. They allege, in substance, that said Propper was not authorized to make the compromise and settlement which Kitzman sets out as a defense; and to bolster this statement the further statement is made that no

such compromise was ever reported by Propper to the plaintiff, and that Propper never at any time remitted to plaintiff any of the proceeds due the plaintiff, of the alleged compromise. It is apparent, therefore, that all of the averments in Buffington's affidavit are confined to the merits of the defense as pleaded in Kitzman's proposed answer, and equally apparent that nothing in Buffington's affidavit has any reference to the excuse alleged by Kitzman for his failure to appear and answer in the action. In dealing with the one matter of Kitzman's excuse for his default, we are convinced that the trial court found that the excuse, not being contradicted, was true in fact, and are satisfied, also, that the trial court must have found that said excuse was valid and sufficient in law. The trial court does not set forth any grounds or reasons upon which it proceeded in denying the motion; hence we are compelled to put the same upon some matter of fact which is controverted, or upon some legal principle relating to the case. If the ruling was placed upon the legal ground that the assignee did not purchase subject to equities, or upon the ground that the motion was not made in time, this court, as a court of review, could properly review such ruling, and in so doing would reverse for reasons already stated. But, if the ruling below was based upon the matters of fact as set out in Buffington's affidavit, we would still reverse upon the legal ground that counter affidavits cannot, in this class of cases, be presented for the purpose of disproving any fact relating to the merits of the defense. The answer alleges the essential fact that the plaintiff's compromise discharged and released Kitzman; the plaintiff acting by its agent, one Propper. The counter affidavits squarely and in detail deny' this vital averment of fact. We shall rule that counter affidavits are inadmissible for such purpose, and that the same must be confined to a traverse or avoidance of the facts submitted by the moving party as an excuse for his default. We are aware that authorities may be found to the contrary, but we are convinced that the rule as above stated is logical in itself, and has the support of the best-considered cases. See *Worth* v. *Wetmore* (Iowa) 54 N. W. Rep. 56; *Joerns* v. *La Nicca,* 75 Ia. 709, 38 N. W. Rep. 129; *Francis* v. *Cox,* 33 Cal. 325; *Gracier* v. *Weir,* 45 Cal. 54; *Reclamation Dist.* v. *Coghill,* 56 Cal. 607; *Douglass* v. *Todd,* 96 Cal. 655, 31 Pac. Rep. 623; *Buck* v. *Havens,* 40 Ind. 221; *Lake* v. *Jones,* 49 Ind. 297; *Beatty* v. *O'Connor,* 106 Ind. 81, 5 N. E. Rep. 880; *Hill* v. *Crump,* 24 Ind. 291; *Mendell* v. *Kimball,* 85 Ill. 582; *Thelin* v. *Thelin,* 8 Ill. App. 421; *Manufacturing Co.* v. *Thomas,* 17 Ill. App. 235. In the two cases cited from Illinois it is held that no counter affidavits can be offered in applications to be relieved from defaults, but this rule is, we think, more strict than that which obtains in any code state.

In the trial court, Kitzman's counsel objected to the opposing affidavits upon the ground that the same did not tend to controvert the excuse shown for Kitzman's neglect to answer. The trial court admitted these affidavits in evidence, but, as we understand the

ruling, held, in effect, that the same did bear upon and tend to controvert Kitzman's excuse for his negligence. In this we think the court was in error. Neither Buffington nor Andy Jones was in a postion to testify of their own knowledge as to the compromise arrangement. Nor do they attempt to allege or claim that the compromise was not made in fact, and upon the terms shown in the affidavits filed in support of the motion. As we have said, the opposing affidavits are pertinent only upon the question of Propper's authority to represent the plaintiff for the purposes of the compromise. But the question of his authority is the vital question presented in the issue upon the merits tendered in the answer. That question would necessarily be decisive upon the trial of the merits, but the trial court was, upon this application, precluded from considering evidence upon the merits, and could go no further than to inquire whether the applicant had set out a good defense, either legal or equitable. See, on this point, 6 Enc. Pl. & Prac. p. 188, with notes and authorities. Upon the showing made, it is too plain to admit of discussion that Kitzman entered into the compromise in good faith, and that in doing so he fully believed that he was dealing with an authorized agent of the plaintiff. Propper represented himself to be the agent of the plaintiff, and plaintiff was a nonresident, and could act only through agents or officers. Propper had plaintiff's notes with him, and made overtures for a compromise of both notes; and, when the agreement was concluded, Propper surrendered one of the notes without full payment, and this act, so far as appears, has never been repudiated by the plaintiff. Under these circumstances, we think that principles of fairness require that Kitzman should have an opportunity to show, if he can do so, that Propper actually was the plaintiff's agent, with authority to compromise the notes. If we could be sure that the trial court placed its ruling upon the ground that Kitzman had failed to show an adequate excuse for his neglect to answer, we should, in that event, hold that such ruling evidenced an improper exercise of judicial discretion; but, as we have said, the grounds or reasons for the order are not set out by the trial court, and hence this court can only conjecture what they were.

The moving party has pursued correct practice, and such as we think should govern in all applications made by a defendant to vacate judgments entered upon default for answer. He has filed a proper affidavit of merits, and a verified answer setting out a defense, and also set out by affidavits his excuse for not appearing and answering. We intend in this case to settle the practice in this state in this class of cases upon the controverted question of submitting counter affidavits or testimony upon the merits of the defense as set out in the proposed answer and affidavit of merits. See, upon this feature, *Gauthier* v. *Rusicka,* 3 N. D. 1, 53 N. W. Rep. 80; *Sargent* v. *Kindred,* 5 N. D. 8, 63 N. W. Rep. 151. Our conclusion is that the order appealed from must be reversed, and such will be the order of this court. All the judges concurring.